UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

**FILED**

SEP 2 0 2016



CLERK

| | |
|---|---|
| SYLVAN GODFREY,<br><br>              Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | 3:16-CV-03030-RAL<br><br><br>ORDER SCREENING AND DISMISSING<br>§ 2255 MOTION |

On July 4, 2016, Sylvan Godfrey filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Doc. 1. Godfrey raises four interrelated grounds for relief: 1) "The statutes charged are beyond Congress's constitutional power to enact, under a strict construction of the Constitution; 2) "Under the strict construction of the judicial article, the district courts cannot be vested with criminal jurisdiction over cases to which the U.S. is a party to;" 3) "The Commerce Clause cannot license Congress to enact criminal prohibition, much less the Major Crimes Act;" and 4) "Without amendments to the legislative and judicial articles of the Constitution, the Federal Government is precluded from reaching the conduct charged." Doc. 1.

This Court has conducted the required preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings, and "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Godfrey] is not entitled to relief." Thus, Godfrey's § 2255 motion is dismissed under 28 U.S.C. § 2255(b) and Rule 4 of the Rules Governing Section 2255 Proceedings.

The facts surrounding the conviction of Godfrey are set forth in <u>United States v. Godfrey</u>, 611 Fed. Appx 364 (8th Cir. 2015), and need not be repeated at length here in order to address the grounds in the § 2255 motion. In brief, Godfrey was indicted, pleaded not guilty, had a jury trial, and was found guilty on one count of aggravated sexual abuse of a child. The count of conviction was based on 18

U.S.C. §§ 1153, 2241(c), and 2246(2)(D). Godfrey received a sentence of 360 months in prison followed by five years of supervised release. Godfrey appealed his conviction, and the United States Court of Appeals affirmed the conviction on May 4, 2015. Docs. 98, 99 in 13-CR-30118. The mandate from the Eighth Circuit issued on June 16, 2015, after the Eighth Circuit denied Godfrey's request for rehearing en banc. Docs. 101, 102 in 13-CR-30118. Godfrey did not appeal to the Supreme Court of the United States, but timely filed his § 2255 motion within one year of when his time to file a petition for writ of certiorari ran.

Godfrey's four grounds in his § 2255 motion challenge the constitutional, congressional, and in turn judicial authority to charge and convict him of this crime. Godfrey believes that there is no constitutional or valid congressional authorization for federal judicial authority over him. Godfrey is mistaken in that belief.

Article III, § 2 extends federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States . . . ." Article III, § 2, clearly contemplates criminal jurisdiction in federal courts by continuing: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crime shall have been committed . . . ." Nothing in the Constitution debars district courts from jurisdiction in cases involving the United States, and the Constitution contemplates that occurring in Article III and in the Bill of Rights. Portions of the Bill of Rights—the Fourth Amendment, Fifth Amendment, Sixth Amendment, and Eight Amendment—were designed to protect defendants in federal court criminal prosecutions, making it all the more obvious that the Constitution extends federal judicial power to criminal cases brought by the United States.

As related to federal jurisdiction over Godfrey and his particular crime, the Government charged crimes under 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D). Section 1153 of Title 18 is known as the Major Crimes Act and extends federal criminal jurisdiction in cases involving "Indians" in "Indian country" over certain listed crimes, including "a felony under chapter 109A." 18 U.S.C. 1153. Chapter 109A in turn outlaws sexual abuse in federal enclaves and contains 18 U.S.C. § 2241 through § 2248, the

2

statutes defining the crime of aggravated sexual abuse of a child for which Godfrey was charged and convicted. The Supreme Court of the United States initially upheld the constitutionality of the Major Crimes Act in 1886, and it has consistently been upheld since. United States v. Kagama, 118 U.S. 375 (1886); see also United States v. Antelope, 430 U.S. 641 (1977). After all, Article I, § 8 of the Constitution of course vests broad legislative authority in Congress, including the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian tribes," and "[t]o make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States." Godfrey stipulated that he is an "Indian" and that the places where the alleged crimes occurred were in "Indian country," so application of § 1153 to provide federal criminal jurisdiction over Godfrey and his crime has never been in question.

Because it plainly appears that the grounds in Godfrey's § 2255 motion do not entitle him to any relief, it is hereby

ORDERED that the § 2255 motion be and is dismissed on initial screening under 28 U.S.C. §2255(b) and Rule 4 of the Rules Governing Section 2255 Proceedings.

DATED this 20th day of September, 2016.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

3